IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| VICTOR SANTIAGO,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>　　　　Defendant. | Case No. |

**DEFENDANT PHILLIPS & COHEN ASSOCIATES, LTD.'S NOTICE OF REMOVAL**

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Phillips & Cohen Associates, Ltd ("PCA"), by counsel, removes this action from the Circuit Court of Cook County, Illinois to the United States District Court, Northern District of Illinois, Eastern Division. Removal is proper because this Court has subject matter jurisdiction by way of diversity and federal question jurisdiction pursuant to 28 U.S.C. § 1331. In support of its Notice of Removal, PCA states the following:

**I.　　Background**

1.　　On or about July 27, 2022, Plaintiff Victor Santiago ("Plaintiff"), on behalf of himself and all others similarly situated, filed the Complaint in this action in the Circuit Court of Cook County, Illinois. A copy of all process, pleadings, and orders served upon PCA in this action are attached as **Exhibit A**.

1

2. PCA was served with the Complaint on August 5, 2022. Accordingly, this Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b).

3. PCA denies the allegations in the Complaint, denies that Plaintiff has stated a claim for which relief may be granted, and denies that Plaintiff has been damaged. Nevertheless, assuming for jurisdictional purposes only that Plaintiff's claims are valid, he could have originally filed the Complaint in this Court under federal question jurisdiction. Plaintiff asserts claims under the Fair Debt Collection Practice Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"), which arise under the laws of the United States. *See* Complaint ¶¶ 1-6, 51-54.

## II.     Federal Question Jurisdiction

4. Under 28 U.S.C. § 1331, federal courts have original jurisdiction of all cases that arise under federal law, and such cases are explicitly within this Court's federal question jurisdiction. The FDCPA is a federal statute that arises under federal law. Therefore, this Court has federal question jurisdiction over this action because Plaintiff's claim arises under the FDCPA. This case is removeable to this Court under 28 U.S.C. § 1331.

## III.     Diversity Jurisdiction

5. In addition, Plaintiff could have originally filed the Complaint in this Court under diversity jurisdiction. 28 U.S.C. section 1332 provides, in pertinent part, that the "district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states."

6. Here, both the requirements for original diversity jurisdiction under 18 U.S.C. § 1332 are satisfied.

Diversity of Citizenship

7. To determine the plaintiffs' citizenship in a class action, the court examines the citizenship of the named plaintiffs only. *F. & H.R. Farman-Farmaian Consulting Engineers Firm v. Harza Engineering Co.*, 882 F.2d 281, 284 (7th Cir. 1989), *cert. denied*, 497 U.S. 1038, 111 L. Ed. 2d 809, 110 S. Ct. 3301 (1990). The only named plaintiff, Victor Santiago, alleges he "is a resident of the State of Illinois." Complaint ¶ 12. PCA is informed and believes, and thereon alleges, that Plaintiff is a citizen of Illinois.

8. Defendant PCA is a New Jersey corporation with its principal place of business in Wilmington, Delaware. Accordingly, for purposes of determining diversity of citizenship, PCA is a citizen of New Jersey and Delaware. *See Wachovia Bank, Nat'l Ass'n v. Schmidt*, 546 U.S. 303, 318, 126 S. Ct. 941, 951-52 (2006).

9. Because Plaintiff and PCA are citizens of different states, complete diversity of citizenship exists pursuant to 18 U.S.C. § 1332.

Amount in Controversy

10. For a defendant to successfully remove a class action based on diversity jurisdiction, at least one of the named plaintiffs must have a claim that exceeds the $75,000 threshold. *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997), cert. denied, 522 U.S. 1153 (1998); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409 (7th Cir. 2000). If one named plaintiff exceeds that amount, any other named plaintiffs "and the unnamed class members can, by virtue of the supplemental jurisdiction conferred on the federal district courts by 28 U.S.C. § 1367, piggyback on that plaintiff's claim." *Brand Name Prescription*, 123 F.3d at 607.

129451516v1

11. All of the claims of a single plaintiff against a defendant are aggregated to meet the jurisdictional amount required for § 1332. *Herremans v. Carrera Designs*, 157 F.3d 1118, 1121 (7th Cir. 1998). Here, Plaintiff's Complaint seeks statutory damages and attorneys' fees, litigation expenses, and costs of suit. All of these categories are included in calculating whether a case exceeds the jurisdictional minimum. *E.g., Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (attorneys' fees).

12. Taking into account Plaintiff's request for statutory damages and attorneys' fees, litigation expenses, and costs of suit, Plaintiff's claimed damages exceed the $75,000.00 amount in controversy threshold.

### IV. Removal to this Court

13. Removal to this Court is appropriate pursuant to 28 U.S.C. § 1441 because this district and division embrace the Circuit Court of Cook County, Illinois, which is the forum from which this case has been removed. See 28 U.S.C. § 1441(a).

### V. Notice

14. Concurrent with filing this Notice of Removal, PCA will file a Notice of Filing of Notice of Removal with the Clerk of the Circuit Court of Cook County, Illinois. This Notice of Filing of Notice of Removal will give written notice of the removal to all adverse parties. *See* 28 U.S.C. § 1446(d).

15. PCA is the only defendant in this case. Thus, all defendants have joined in removing this case.

4

## VI. Reservation of Rights

16. PCA denies the allegations contained in Plaintiff's Complaint and files this Notice of Removal without removing any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

17. Further, PCA does not concede in any way that the allegations in the Complaint are accurate, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

18. If any questions arise as to the propriety of the removal of this action, PCA requests the opportunity to present a brief and argument in support of its position that this case is removable.

WHEREFORE, PCA hereby removes this action to this Court and seeks all other relief this Court deems equitable and just.

Dated: September 2, 2022            Respectfully submitted,

**PHILLIPS & COHEN ASSOCIATES, LTD**
By: /s/ *Seth M. Erickson*
Seth M. Erickson (ARDC No. 6299731)
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe St., Ste. 3900
Chicago, Illinois 60606
Telephone: 312.759.5930
Facsimile: 312.759.1939
Email: seth.erickson@troutman.com

Ethan G. Ostroff
Troutman Pepper Hamilton Sanders LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: 757.687.7541
Facsimile: 312.759.1939
Email: ethan.ostroff@troutman.com

*Counsel for Phillips & Cohen Associates, Ltd*