# EXHIBIT A



## Service of Process Transmittal Summary

**TO:**    Robert Obringer, General Counsel
PHILLIPS & COHEN ASSOCIATES, LTD.
1002 Justison St
Wilmington, DE 19801-5148

**RE:**    **Process Served in Illinois**

**FOR:**    Phillips & Cohen Associates, Ltd.  (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | VICTOR SANTIAGO, on behalf of himself and all others similarly situated vs. PHILLIPS & COHEN ASSOCIATES, LTD. |
| **CASE #:** | 2022CH05545 |
| **PROCESS SERVED ON:** | C T Corporation System, Chicago, IL |
| **DATE/METHOD OF SERVICE:** | By Process Server on 08/05/2022 at 04:31 |
| **JURISDICTION SERVED:** | Illinois |
| **ACTION ITEMS:** | CT will retain the current log |
| | Image SOP |
| | Email Notification,  Robert Obringer  robringer@phillips-cohen.com |
| | Email Notification,  Rebecca Enders  r.demara@yahoo.com |
| **REGISTERED AGENT CONTACT:** | C T Corporation System |
| | 208 South LaSalle Street |
| | Suite 814 |
| | Chicago, IL 60604 |
| | 866-539-8692 |
| | CorporationTeam@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

* 5 0 1 9 3 8 4 3 *
FILED
7/27/2022 3:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05545
Calendar, 3
18849526

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |

**Summons - Alias Summons**             **(12/01/20) CCG 0001 A**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

VICTOR SANTIAGO, on behalf of herself
and all others similarly situated,

_____
Plaintiff(s)

v.

PHILLIPS & COHEN ASSOCIATES, LTD.

Case No.    2022CH05545

_____
Defendant(s)

c/o CT Corporation System
208 S. LaSalle St., Suite 814; Chicago, IL 60604

_____
Address of Defendant(s)

Please serve as follows (check one): ◯ Certified Mail   ⦿ Sheriff Service   ◯ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/ appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons     • (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE:** **Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

◉ Atty. No.: 60070
○ Pro Se 99500

Name: Celetha Chatman

Atty. for (if applicable):

Community Lawyers LLC

Address: 980 N. Michigan Ave., Suite 1400

City: Chicago

State: IL   Zip: 60611

Telephone: (312) 757-1880

Primary Email: cchatman@communitylawyersgroup.co

Witness date    7/27/2022 3:55 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

`* 5 0 1 9 3 8 4 3 *`

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date.  Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION

**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION

**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION

**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION

**Court date EMAIL:** DRCourtDate@cookcountycourt.com
OR
ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE

**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION

**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION

**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE

**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS

**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD

**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW

**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM

**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

\* 5 0 1 9 3 8 4 3 \*

FILED
7/27/2022 3:55 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05545
Calendar, 3
18849526

| 2120 - Served | 2121 - Served | 2620 - Sec. of State |
| 2220 - Not Served | 2221 - Not Served | 2621 - Alias Sec of State |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| Summons - Alias Summons | | (12/01/20) CCG 0001 A |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Name all Parties

VICTOR SANTIAGO, on behalf of herself
and all others similarly situated,

_____
Plaintiff(s)

v.

PHILLIPS & COHEN ASSOCIATES, LTD.

_____
Defendant(s)

c/o CT Corporation System
208 S. LaSalle St., Suite 814; Chicago, IL 60604

_____
Address of Defendant(s)

Case No. 2022CH05545

Please serve as follows (check one):  ○ Certified Mail  ◉ Sheriff Service  ○ Alias

### SUMMONS

To each Defendant:

You have been named a defendant in the complaint in this case, a copy of which is hereto attached. You are summoned and required to file your appearance, in the office of the clerk of this court, within 30 days after service of this summons, not counting the day of service. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

### THERE WILL BE A FEE TO FILE YOUR APPEARANCE.

To file your written appearance/answer **YOU DO NOT NEED TO COME TO THE COURTHOUSE.** You will need: a computer with internet access; an email address; a completed Appearance form that can be found at http://www.illinoiscourts.gov/Forms/approved/procedures/appearance.asp; and a credit card to pay any required fees.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org

Summons - Alias Summons                                                        (12/01/20) CCG 0001 B

E-filing is now mandatory with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org.

If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

Please call or email the appropriate clerk's office location (on Page 3 of this summons) to get your court hearing date AND for information whether your hearing will be held by video conference or by telephone. The Clerk's office is open Mon - Fri, 8:30 am - 4:30 pm, except for court holidays.

**NOTE: Your appearance date is NOT a court date. It is the date that you have to file your completed appearance by. You may file your appearance form by efiling unless you are exempted.**

A court date will be set in the future and you will be notified by email (either to the email address that you used to register for efiling, or that you provided to the clerk's office).

**CONTACT THE CLERK'S OFFICE for information regarding COURT DATES by visiting our website: cookcountyclerkofcourt.org; download our mobile app from the AppStore or Google play, or contact the appropriate clerk's office location listed on Page 3.**

To the officer: (Sheriff Service)

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than thirty (30) days after its date.

⦿ Atty. No.: 60070

◯ Pro Se 99500

Name: Celetha Chatman

Atty. for (if applicable):

Community Lawyers LLC

Address: 980 N. Michigan Ave., Suite 1400

City: Chicago

State: IL    Zip: 60611

Telephone: (312) 757-1880

Primary Email: cchatman@communitylawyersgroup.co

Witness date    7/27/2022 3:55 PM IRIS Y. MARTINEZ

IRIS Y. MARTINEZ, Clerk of Court

☐ Service by Certified Mail:

☐ Date of Service: _____
(To be inserted by officer on copy left with employer or other person)

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**
**cookcountyclerkofcourt.org**

`* 5 0 1 9 3 8 4 3 *`

## GET YOUR COURT DATE BY CALLING IN OR BY EMAIL

**CALL OR SEND AN EMAIL MESSAGE** to the telephone number or court date email address below for the appropriate division, district or department to request your next court date. Email your case number, or, if you do not have your case number, email the Plaintiff or Defendant's name for civil case types, or the Defendant's name and birthdate for a criminal case.

### CHANCERY DIVISION
**Court date EMAIL:** ChanCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5133

### CIVIL DIVISION
**Court date EMAIL:** CivCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5116

### COUNTY DIVISION
**Court date EMAIL:** CntyCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5710

### DOMESTIC RELATIONS/CHILD SUPPORT DIVISION
**Court date EMAIL:** DRCourtDate@cookcountycourt.com
                    OR
            ChildSupCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6300

### DOMESTIC VIOLENCE
**Court date EMAIL:** DVCourtDate@cookcountycourt.com
Gen. Info:    (312) 325-9500

### LAW DIVISION
**Court date EMAIL:** LawCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-5426

### PROBATE DIVISION
**Court date EMAIL:** ProbCourtDate@cookcountycourt.com
Gen. Info:    (312) 603-6441

### ALL SUBURBAN CASE TYPES

### DISTRICT 2 - SKOKIE
**Court date EMAIL:** D2CourtDate@cookcountycourt.com
Gen. Info:    (847) 470-7250

### DISTRICT 3 - ROLLING MEADOWS
**Court date EMAIL:** D3CourtDate@cookcountycourt.com
Gen. Info:    (847) 818-3000

### DISTRICT 4 - MAYWOOD
**Court date EMAIL:** D4CourtDate@cookcountycourt.com
Gen. Info:    (708) 865-6040

### DISTRICT 5 - BRIDGEVIEW
**Court date EMAIL:** D5CourtDate@cookcountycourt.com
Gen. Info:    (708) 974-6500

### DISTRICT 6 - MARKHAM
**Court date EMAIL:** D6CourtDate@cookcountycourt.com
Gen. Info:    (708) 232-4551

* 5 0 1
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2022CH05545

Firm No. 44641, 3
18230271

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

VICTOR SANTIAGO, on behalf of      )
himself and all others similarly situated,     )
                                                                )
      Plaintiff,      )      Case No. **2022CH05545**
                                                                )
      v.       )      CLASS ACTION
                                                                )
PHILLIPS & COHEN ASSOCIATES, LTD.,     )      JURY TRIAL DEMANDED
                                                                )
      Defendant.      )

### CLASS ACTION COMPLAINT

Plaintiff Victor Santiago, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### NATURE OF THE CASE

1.     The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

2.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

1

* 5 0 1 9 3 8 4 3 *

3.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

4.     To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

5.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

7.     "An action to enforce any liability created by [the FDCPA] may be brought in any appropriate United States district court without regard to the amount in controversy, or **in any other court of competent jurisdiction**, within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (emphasis added).

8.     Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(l) (transaction of any business within this State), section 2-209(b)(4) (corporation doing business within this State),

* 5 0 1 9 3 8 4 3 *

and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States).

9.      Defendant collects debts from consumers in Illinois.

10.     Venue is proper in this County pursuant to 735 ILCS 5/2-101, because this is the county in which the transactions and occurrences at issue, or some part thereof, occurred. In addition, Defendant regularly does business in this County.

11.     Pursuant to General Order No. 1.2 of the Circuit Court of Cook County, this action is properly before the Chancery Division of the County Department because it is a putative Class Action.

## PARTIES

12.     Plaintiff, is a resident of the State of Illinois, from whom Defendant attempted to collect an allegedly delinquent consumer debt owed for an allegedly defaulted Merrick Bank consumer credit account.

13.     Plaintiff is a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

14.     Defendant, Phillips & Cohen Associates, Ltd. ("PCA" or "Defendant"), is a New Jersey corporation that does or transacts business in Illinois. Its registered agent is CT Corporation System, located at 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

15.     PCA is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

16.     PCA regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

3

## FACTUAL ALLEGATIONS

17.    According to Defendant, Plaintiff incurred a debt, originally for a Merrick Bank Corporation consumer account ("Account").

18.    Plaintiff used the Account primarily for personal, family, and household purchases.

19.    The Account is thus a "debt" as that term is defined at § 1692a(6) of the FDCPA.

20.    The Account was not paid and subsequently went into default.

21.    Merrick Bank Corporation retained the services of PCA to collect on the Account.

22.    On or about March 10, 2022, Plaintiff received an email from Defendant (the "Email") in an attempt to collect the Account from Plaintiff. (Exhibit A, Email).

23.    The Email conveyed various information regarding the Account, including the amount owed, the identity of the original creditor, and an account number.

24.    The Email was a "communication" as that term is defined at §1692a(2) of the FDCPA.

25.    Plaintiff read the Email.

26.    The Email does not provide clear and conspicuous instructions for Plaintiff to opt out of future email communication.

27.    The Email requires that Plaintiff call or click on an external link in order to opt out of future communications.

28.    The Email provides no instructions for how to inform the debt collector via email that the consumer wishes to opt out of future communications (i.e. by replying to the email or sending an opt out email to another address).

29.    Moreover, whatever instructions are present are buried at the end of the Email after any meaningful content.

4

30.     For most email reading programs, including Plaintiff's, the instructions would be many pages down and easily missed by most consumers.

31.     On November 30, 2021, the Consumer Financial Protection Bureau enacted Regulation F, which applies to emails like the one sent by Defendant.

32.     Regulation F, 12 C.F.R. § 1006.6(e) states:

> **Opt-out notice for electronic communications or attempts to communicate.**
>
> A debt collector who communicates or attempts to communicate with a consumer electronically in connection with the collection of a debt using a specific email address, telephone number for text messages, or other electronic-medium address <u>must include in such communication or attempt to communicate a clear and conspicuous statement describing a reasonable and simple method by which the consumer can opt out of further electronic communications</u> or attempts to communicate by the debt collector to that address or telephone number. The debt collector may not require, directly or indirectly, that the consumer, in order to opt out, pay any fee to the debt collector or provide any information other than the consumer's opt-out preferences and the email address, telephone number for text messages, or other electronic-medium address subject to the opt-out request.

33.     Defendant failed to adhere to the clear and conspicuous requirements of Regulation F.

34.     15 U.S.C. § 1692c(a) of the FDCPA provides as follows:

> **(a) Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
>
> **(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location;**

35.     Defendant communicated at an inconvenient time or place in connection with the

collection of a debt, in violation of 1692c(a)(1), by sending an email to Plaintiff which lacked clear

and conspicuous instructions for opting out of further electronic communications.

36.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

37.     Defendant used unfair and unconscionable means to collect a debt in violation of §

1692f, when it engaged in collection activity prohibited by the Consumer Financial Protection

Bureau.

38.     Defendant has continued to relentlessly email plaintiff at least once a day, every

day. (Exhibit B, Multiple Emails).

39.     Within one nine-day period, Defendant emailed plaintiff sixteen times.

40.     15 U.S.C. § 1692d of the FDCPA provides as follows:

**Harassment or Abuse**

**A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.**

41.     Defendant engaged in harassing conduct, in violation of 15 U.S.C. § 1692d, when

it emailed Plaintiff sixteen times in nine days without a clear and conspicuous method for stopping

future emails.

42.     Defendant's collection communications are to be interpreted under the

"unsophisticated consumer" standard. *See Gammon v. GC Services, Ltd. Partnership*, 27 F.3d

1254, 1257 (7th Cir. 1994).

* 5 0 1 9 3 8 4 3 *

## CLASS ALLEGATIONS

39.     Plaintiff brings this action individually and as a class on behalf of (1) all persons
similarly situated in the State of Illinois (2) from whom PCA attempted to collect a debt (3) using
an email materially identical to that attached as Exhibit A to Plaintiff's Complaint (4) sent between
one year prior to the filing of this Complaint up to the filing of this Complaint (the "Class").

40.     Plaintiff may alter the Class definition to conform to developments in the case and
discovery.

41.     The proposed classes meet all requirements under 735 ILCS 5/2-801.

42.     **Numerosity:** Upon information and belief, the Class is so numerous that joinder of
all individual plaintiffs would be impracticable. The exact number of members of the Class are
presently unknown and can only be ascertained through discovery because that information is
exclusively in the possession of Defendant. However, it is reasonable to infer that more than 40
Illinois consumers received a letter materially identical to Exhibit A hereto given that it is a form
letter. Members of the Class can be easily identified through Defendant's records. Class members
may be notified of the pendency of this action by recognized, Court-approved notice dissemination
methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

43.     **Commonality and Predominance:** Plaintiff's claims are typical of the claims of
the Class. Common questions of law or fact raised by this class action complaint affect all members
of the Class and predominate over any individual issues. Common relief is therefore sought on
behalf of all members of the Class.

44.     **Adequacy of Representation:** Plaintiff is an adequate representative of the Class
because his interests do not conflict with the interests of the members of the Class he seeks to
represent, and he intends to prosecute this action vigorously. Plaintiff has retained counsel

7

competent and experienced in class action litigation. The interests of the Class will be fairly and adequately protected by Plaintiff and his counsel and Plaintiff's claim is typical of the claims of the Class members.

45. **Superiority:** A class action in this case would be superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Class to individually seek redress for Defendant's wrongful conduct. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the judicial system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

51. Plaintiff re-alleges and incorporates the above paragraphs into this count.

52. Defendant communicated at an inconvenient time or place in connection with the collection of a debt, in violation of 1692c(a)(1), by sending an email to Plaintiff which lacked clear and conspicuous instructions for opting out of further electronic communications.

53. Defendant used unfair and unconscionable means to collect a debt, in violation of § 1692f, when it engaged in collection activity prohibited by the Consumer Financial Protection Bureau.

54. Defendant engaged in harassment and abuse in violation of 1692(d) by emailing the plaintiff sixteen times over nine days without any clear and conspicuous manner to opt-out.

* 5 0 1 9 3 8 4 3 *

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff asks for an award in his favor and against Defendants as follows:

A.  Certification of the proposed Class;

B.  Designation of Plaintiff as representative of the proposed Class and designation of Plaintiff's counsel as Class counsel;

C.  Statutory damages pursuant to 15 U.S.C. § 1692(a)(2);

D.  Attorney's fees, litigation expenses, and costs of suit pursuant to 15 U.S.C § 1692k(a)(3); and

E.  Such other or further relief as the court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully submitted,

By: s/*Seth McCormick*
Seth McCormick

Seth McCormick (atty # 64641)
Great Lakes Consumer Law Firm, LLC
73 W. Monroe St., Suite 100
Chicago, IL 60603
P: (312) 971-6787
E: seth@glclf.com


Michael Wood
Celetha Chatman
Community Lawyers LLC
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
Cook County No. 60070

* 5 0 1 9 3 8 4 3 *

# EXHIBIT A



**From:** VICTOR SANTIAGO <v10121@hotmail.com>
**Date:** Tuesday, March 29, 2022 at 2:09 PM
**To:** Michael Wood <mwood@communitylawyersgroup.com>
**Subject:** Fw: Discounted Payoff Offers Available - Reminder...Victor M Santiago Jr

1 of 15 emails sent

**From:** PCA Account-Serve <support@phillips-cohen.com>
**Sent:** Thursday, March 10, 2022 2:03 PM
**To:** V10121@HOTMAIL.COM <V10121@HOTMAIL.COM>
**Subject:** Discounted Payoff Offers Available - Reminder

We've added new discounted payment offers in Account-Serve . Please visit soon.
Account-Serve logo

To VICTOR SANTIAGO JR,

As a reminder, we'd like to help you address the outstanding balance on your Merrick Bank Corporation account.

\* 5 0 1 9 3 8 4 3 \*

To make repayment easier, please consider the below offer to pay off your balance for less than the full amount:

| Discounted Payoff Offer: | **Pay 40% of the amount owed or $895.70** |
|---|---|

## Interested in resolving the account for less than the full amount?

To accept or review all available payment offers, please contact us using one of the below methods:

- **Visit <u>Account-Serve.com</u> and select Payment Offers.**
  - In this section, we offer packaged payment plans. If you would like to customize a payment plan, click "Decline" to customize a repayment plan.

- **Call 866-445-4048 to speak with an Account Specialist.**
  - Agents are available Monday through Thursday 8AM to 9PM ET, Friday 8AM to 6PM ET, and Saturday 8AM to 12PM ET.
  - Individual payments can be processed 24/7 through our secure automated payment system. Just press "9" when you call.

- **Email <u>support@phillips-cohen.com</u>**

Please notify us of your decision or payment status by **03/30/2022**. We look forward to helping you find the right solution for your personal situation.

Sincerely,

Phillips & Cohen Associates, Ltd.

| | |
|---|---|
| **Creditor:** | Merrick Bank Corporation |
| **Creditor Acct #:** | 2680 |
| **PCA Reference Number:** | 24557166 |
| **Balance:** | $2,239.25 |

## Important Consumer Information:

Although this offer has an expiration date, other opportunities may be available at a later time.

This is an attempt, by a debt collector, to collect a debt, and any information obtained will be used for that purpose.

Additional information specific to your account may have been provided on our initial communication. Please refer to the communication for details or contact our office at 866-445-4048.

This email message, including attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. For TTY, please dial 711. Phillips & Cohen Associates, Ltd., 1002 Justison Street, Wilmington, DE 19801. If you would like to stop receiving these emails, click here to unsubscribe.

# EXHIBIT B

All | account-serve | Meet Now

New message | Delete all | Mark all as read

**Favorites**

- Inbox 360
- Sent Items
- Deleted Items 4666
- Add favorite

**Folders**

- Inbox 360
- Junk Email [illegible]
- Drafts 5
- Sent Items
- Deleted Items 4666

Upgrade to Microsoft 365 with premium Outlook features

## Results

Filter

Top results

| | | | |
|---|---|---|---|
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Mon 3/21 |
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Sun 3/20 |

All results

| | | | |
|---|---|---|---|
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Mon 3/21 |
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Sun 3/20 |
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Sat 3/19 |
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Fri 3/18 |
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Thu 3/17 |
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Wed 3/16 |
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Tue 3/15 |
| PCA Account-Serve | Discounted Payoff Offers Available... | Deleted Items | Mon 3/14 |

It looks like you're using an ad blocker. To maximize the space in your inbox, sign up for Ad-Free Outlook.

*5019384 3*

* 5 0 1 9 3 8 4 3 *

# EXHIBIT C

* 5 0 1 9 3 8 4 3 *

Firm No. 64641

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VICTOR SANTIAGO, on behalf of<br>himself and all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>        Defendant. | Case No.<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Plaintiff Victor Santiago respectfully requests that the Court order that this action, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") on behalf of a class against Defendant Phillips & Cohen Associates, Ltd. ("PCA" or "Defendant").

The class consists of (1) all persons similarly situated in the State of Illinois (2) from whom PCA attempted to collect a Merrick Bank Corporation debt (3) using an email materially identical to that attached as Exhibit A to Plaintiff's Complaint (4) sent between one year prior to the filing of this Complaint up to the filing of this Complaint (the "Class").

In support of this motion, Plaintiff states as follows:

### NATURE OF THE CASE

1.      Plaintiff is a natural person residing in Illinois.

2.      PCA is a New Jersey corporation, engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts originally owed to others.

1

* 5 0 1 9 3 8 4 3 *

3.    On or about March 10, 2022, PCA sent a collection email to Plaintiff, a copy of which is attached hereto as Appendix A.

4.    The email conveyed various information regarding the debt directly to Plaintiff, including the amount owed, the identity of the original creditor, and an account number.

5.    The instructions to opt out of email communications are buried at the end of the email and in the same size of the surrounding text.

6.    The text of the opt out instructions is the same color and size of the surrounding text causing it to blend in with the rest of the text at the end of the email.

7.    There were no clear and conspicuous instructions for Plaintiff to opt out of email communications within the Email.

8.    The Defended proceeded to continue to email the Plaintiff sixteen times over a nine-day period.

9.    Defendant communicated at an inconvenient time or place in connection with the collection of a debt, in violation of 1692c(a)(1), by sending an email to Plaintiff which lacked clear and conspicuous instructions for opting out of further electronic communications.

10.   Defendant used unfair and unconscionable means to collect a debt, in violation of § 1692f, when it engaged in collection activity prohibited by the Consumer Financial Protection Bureau.

11.   Defendant engaged in harassment and abuse in violation of 1692(d) by continuously emailing the plaintiff without offering a clear and conspicuous way to opt-out of the communications.

## THE FAIR DEBT COLLECTION PRACTICE ACT

12.     The FDCPA is a broad, remedial statute that prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts.

13.     In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

14.     Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

15.     To this end, the FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

16.     Because of this, courts have held that "the FDCPA's legislative intent emphasizes the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct" and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F. Supp. 2d 1035, 1042 (N.D. Ill. 2008).

3

17. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA.

18. Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997); *Baker v. G.C. Servs. Corp.*, 677 F.2d 775, 780-81 (9th Cir. 1982).

## REQUIREMENTS FOR CLASS CERTIFICATION

19. Illinois law allows for the maintenance of class actions when the following prerequisites are met:

(1) The class is so numerous that joinder of all members is impracticable.

(2) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.

(3) The representative parties will fairly and adequately protect the interest of the class.

(4) The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801.

20. The class action determination is to be made as soon as practicable after the commencement of an action brought as a class action and before any consideration of the merits. 735 ILCS 5/2-802.

21. Decisions regarding class certification are left to the "sound discretion" of the circuit court and will be overturned only where the court clearly abuses that discretion or applied "impermissible legal criteria." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 126 (2005).

22. Class actions are essential to enforce laws protecting consumers. As the court stated in *Eshaghi v. Hanley Dawson Cadillac Co.*, 214 Ill.App.3d 995, 1004 (1st Dist. 1991):

In a large and impersonal society, class actions are often the last barricade of consumer protection . . . . [T]he consumer class action is an inviting procedural

4

device to cope with frauds causing small damages to large groups. The slight loss to the individual, when aggregated in the coffers of the wrongdoer, results in gains which are both handsome and tempting. The alternatives to the class action— private suits or governmental actions—have been so often found wanting in controlling consumer frauds that not even the ardent critics of class actions seriously contend that they are truly effective. The consumer class action, when brought by those who have no other avenue of legal redress, provides restitution to the injured, and deterrence of the wrongdoer

23.     Congress expressly recognized the propriety of a class action under the FDCPA by providing special damage provisions and criteria in 15 U.S.C. §§1692k(a) and (b) for FDCPA class action cases. As a result, numerous FDCPA class actions have been certified. *See, e.g., Phillips v. Asset Acceptance, LLC*, 736 F.3d 1076 (7th Cir. 2013); *McMahon v. LVNV Funding, LLC*, 807 F.3d 872 (7th Cir. 2015); *Vines v. Sands*, 188 F.R.D. 302 (N.D. Ill. 1999).

24.     As demonstrated below, each of the requirements for class certification is met.

## I.    Numerosity

25.     Section 2-801 (1) parallels the language of Federal Rule of Civil Procedure 23(a)(1 ); therefore, federal case law is instructive on the numerosity requirements under the Illinois Rules. *Wood River Area Dev. Corp. v. Germania Fed. Sav. & Loan Ass'n*, 198 Ill. App. 3d 445, 450 (5th Dist. 1990). The numerosity requirement is satisfied if it is reasonable to conclude that the number of members of the proposed class is greater than the minimum number required for class certification, which is about 10-40. *See Kulins v. Malco*, 121 Ill. App. 3d 520, 530 (1st Dist. 1984) (19 and 47 members sufficient); *Swanson v. American Consumer Industries*, 415 F.2d 1326, 1333 (7th Cir. 1969) (40 class members sufficient); *Riordan v. Smith Barney*, 113 F.R.D. 60, 62 (N.D. Ill. 1986) (10-29 members sufficient).

26.     It is not necessary that the precise number of class members be known: "A class action may proceed upon estimates as to the size of the proposed class." *In re Alcoholic Beverages Lit.*, 95 F.R.D. 321 (E.D.N.Y. 1982); *Lewis v. Gross*, 663 F. Supp. 1164, 1169 (E.D.N.Y 19786).

"The court may assume sufficient numerousness where reasonable to do so in absence of a contrary showing by defendant, since discovery is not essential to most cases in order to reach a class determination .... Where the exact size of the class is unknown, but it is general knowledge or common sense that it is large, the court will take judicial notice of this fact and will assume joinder is impracticable." 2 NEWBERG ON CLASS ACTIONS (3d ed. 1995), §7.22.

27.     In the present case, Plaintiff alleges, based on the volume of Defendant's collection activity and the use of form emails, that there are more than 40 class members, making them so numerous that joinder is impracticable.

28.     While discovery will be needed to determine the precise class size, it is reasonable to infer that numerosity is satisfied. *See Wood River Area Dev. Corp.*, 198 Ill. App. 3d at 450 (concurring with a leading scholar's assertion that a class size of 40 clearly satisfies numerosity and that a class size of 25 likely satisfies numerosity); *Swiggett v. Watson*, 441 F. Supp. 254, 256 (D. Del. 1977) (an action challenging transfers of title pursuant to Delaware motor vehicle repairer's lien, the fact the Department of Motor Vehicles issued printed forms for such transfer was in of itself sufficient to show that the numerosity requirement was satisfied); *Westcott v. Califano*, 460 F. Supp. 737, 744 (D .Mass. 1978) (in action challenging certain welfare policies, existence of policies and 148 families who were denied benefits to which policies applied sufficient to show numerosity, even though it was impossible to identify which of 148 families were denied benefits because of policies complained of).

## II.     **Common Questions and Predominance**

29.     A common question may be shown when the claims of the individual members of the class are based on the common application of a statute or they were aggrieved by the same or

similar misconduct. *McCarthy v. La Salle Nat'l Bank & Trust Co.*, 230 Ill. App. 3d 628, 634 (1st Dist. 1992).

30.     In the present case, the predominant common questions are (i) whether PCA sent emails to consumers which failed to include clear and conspicuous instructions for a reasonable and simple method by which the consumer could opt out of email communications, (ii) whether such practices violate the FDCPA and Regulation F, (iii) whether the continuous emails from PCA constitute harassment under the FDCPA, and (iv) PCA's liability for such violations.

31.     Where a case involves "standardized conduct of the defendants toward members of the proposed class, a common nucleus of operative facts is typically presented, and the commonality requirement ... is usually met." *Franklin v. City of Chicago*, 102 F.R.D. 944, 949 (N.D. Ill. 1984).

32.     The only individual issue is the identification of the class members, a matter easily ascertainable from PCA's files.

33.     Questions readily answerable from a party's files do not present an obstacle to class certification. *See Heastie v. Community Bank*, 125 F.R.D. 669 (N.D. Ill. 1989) (court found that common issues predominated where individual questions of injury and damages could be determined by "merely comparing the contract between the consumer and the contractor with the contract between the consumer and Community Bank").

## III.     Adequacy of Representation

34.     The class action statute requires that the class representative provide fair and adequate protection for the interests of the class. That protection involves two factors: (a) the attorney for the class must be qualified, experienced, and generally able to conduct the proposed litigation; and (b) the representative must not have interests antagonistic to those of the class.

*Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992).

35. Plaintiff has retained experienced counsel, as indicated on <u>Appendix B</u>, <u>Appendix C</u> and <u>Appendix D</u>, which sets forth counsel's qualifications.

36. There are no conflicts between Plaintiff and the class members.

**IV.    <u>Appropriateness of Class Action</u>**

37. Efficiency is the primary focus in determining whether the class action is an appropriate method for resolving the controversy presented. *Eovaldi v. First Nat'l Bank*, 57 F.R.D 545 (N.D. Ill. 1972). It is proper for a court, in deciding this issue, to consider the "inability of the poor or uninformed to enforce their rights, and the improbability that large numbers of class members would possess the initiative to litigate individually." *Haynes v. Logan Furniture Mart, Inc.*, 503 F.2d 1161,1165 (7th Cir.1974).

38. In this case there is no better method available for the adjudication of the claims which might be brought by each individual consumer. The vast majority of consumers are undoubtedly unaware that their rights are being violated. In addition, the modest size of the claims makes it unlikely that consumers would be able to pay to retain counsel to protect their rights on an individual basis.

## <u>CONCLUSION</u>

39. The Court should certify this action as a class action.

Respectfully submitted,

By: s/*Seth McCormick*
Seth McCormick

Seth McCormick (atty # 64641)
Great Lakes Consumer Law Firm, LLC
73 W. Monroe St., Suite 100
Chicago, IL 60603
P: (312) 971-6787
E: seth@glclf.com

* 5 0 1 9 3 8 4 3 *

Michael Wood
Celetha Chatman
Community Lawyers LLC
980 N. Michigan Ave., Suite 1400
Chicago, IL 60611
Ph: (312) 757-1880
Fx: (312) 265-3227
cchatman@communitylawyersgroup.com
Cook County No. 60070

## CERTIFICATE OF SERVICE

I, Seth McCormick, had this motion and exhibits and notice of motion served on

Defendant via sheriff's service along with the complaint to the following parties:

Phillips & Cohen Associates, Ltd.
c/o CT Corporation System
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604.

Respectfully submitted,

By: s/*Seth McCormick*
Seth McCormick

# APPENDIX A



**From:** VICTOR SANTIAGO <v10121@hotmail.com>
**Date:** Tuesday, March 29, 2022 at 2:09 PM
**To:** Michael Wood <mwood@communitylawyersgroup.com>
**Subject:** Fw: Discounted Payoff Offers Available - Reminder...Victor M Santiago Jr

1 of 15 emails sent

**From:** PCA Account-Serve <support@phillips-cohen.com>
**Sent:** Thursday, March 10, 2022 2:03 PM
**To:** V10121@HOTMAIL.COM <V10121@HOTMAIL.COM>
**Subject:** Discounted Payoff Offers Available - Reminder

We've added new discounted payment offers in Account-Serve . Please visit
soon.
Account-Serve logo

To VICTOR SANTIAGO JR,

As a reminder, we'd like to help you address the outstanding
balance on your Merrick Bank Corporation account.

* 5 0 1 9 3 8 4 3 *

To make repayment easier, please consider the below offer to pay off your balance for less than the full amount:

| Discounted Payoff Offer: | **Pay 40% of the amount owed or $895.70** |
|---|---|

## Interested in resolving the account for less than the full amount?

To accept or review all available payment offers, please contact us using one of the below methods:

- **Visit <u>Account-Serve.com</u> and select Payment Offers.**
  - In this section, we offer packaged payment plans. If you would like to customize a payment plan, click "Decline" to customize a repayment plan.

- **Call 866-445-4048 to speak with an Account Specialist.**
  - Agents are available Monday through Thursday 8AM to 9PM ET, Friday 8AM to 6PM ET, and Saturday 8AM to 12PM ET.
  - Individual payments can be processed 24/7 through our secure automated payment system. Just press "9" when you call.

- **Email <u>support@phillips-cohen.com</u>**

Please notify us of your decision or payment status by **03/30/2022**. We look forward to helping you find the right solution for your personal situation.

Sincerely,

Phillips & Cohen Associates, Ltd.

| | |
|---|---|
| **Creditor:** | Merrick Bank Corporation |
| **Creditor Acct #:** | 2680 |
| **PCA Reference Number:** | 24557166 |
| **Balance:** | $2,239.25 |

## Important Consumer Information:

Although this offer has an expiration date, other opportunities may be available at a later time.

* 5 0 1 9 3 8 4 3 *

This is an attempt, by a debt collector, to collect a debt, and any information obtained will be used for that purpose.

Additional information specific to your account may have been provided on our initial communication. Please refer to the communication for details or contact our office at 866-445-4048.

This email message, including attachments, is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. For TTY, please dial 711. Phillips & Cohen Associates, Ltd., 1002 Justison Street, Wilmington, DE 19801. If you would like to stop receiving these emails, click here to unsubscribe.

* 5 0 1 9 3 8 4 3 *

# APPENDIX B

* 5 0 1 9 3 8 4 3 *

Firm No. 64324

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| VICTOR SANTIAGO, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) | CLASS ACTION |
| PHILLIPS & COHEN ASSOCIATES, LTD., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

## DECLARATION OF CELETHA C. CHATMAN

I, Celetha C. Chatman, being first duly sworn on oath, depose and state as follows:

1.    I am one of the attorneys for the Plaintiff above named.

2.    I am admitted to practice within the State Courts of Illinois as of November 5, 2015.

3.    I am a member of the Bar of the United States District Court for the Northern District of Illinois.

4.    I am member of the Bar of the Bankruptcy Court for the Northern District of Illinois.

5.    I have significant experience in FDCPA litigation, which is the focus of my practice.

6.    I am or have been counsel to more than 500 FDCPA cases in the Northern District.

7.    That the following is a sample of my FDCPA class actions:

*Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N. D. IL)
*Garret v. David B. Blaskovich P.C.*; 17-cv-0087 (N.D. IL).

Pursuant to 735 ILCS 5/1-109, I, Celetha C. Chatman, hereby declare under penalty of perjury that the foregoing is true and correct.

1

\* 5 0 1 9 3 8 4 3 \*

Dated:  April 1, 2022

/s/ Celetha C. Chatman

**Community Lawyers, LLC**
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.265.3227
cchatman@communitylawyersgroup.com

2

* 5 0 1 9 3 8 4 3 *

# APPENDIX C

* 5 0 1 9 3 8 4 3 *

Firm No. 64324

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| VICTOR SANTIAGO, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. |
| v. | ) ) | CLASS ACTION |
| PHILLIPS & COHEN ASSOCIATES, LTD., | ) ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) | |

### DECLARATION OF MICHAEL JACOB WOOD

I, Michael Jacob Wood, being first duly sworn on oath, depose and state as follows:

1.    I am one of the attorneys for the Plaintiff above named.

2.    I am admitted to practice within the State Courts of Illinois as of May 1, 2014.

3.    I have substantial experience in FDCPA litigation and collection defense litigation, which are the focus of my practice.

4.    I am a member of the National Association of Consumer Advocates as of November 2011.

5.    I am or have been counsel to over 800 FDCPA cases in the Northern District.

6.    I am or have been counsel to more than 500 debt defense cases in the Circuit Court of Cook County.

7.    I have published and lectured on the Fair Debt Collection Practices Act. (e.g., Michael J. Wood, Abstention Doctrine and the Fair Debt Collection Practices Act, 89 Chi.-Kent. L. Rev. 1191 (2014)).

* 5 0 1 9 3 8 4 3 *

8.    Class actions: I have certified several classes for settlement purposes in the following cases: *Wingate v. Resurgence Capital, LLC*, 14-cv-7753 (N.D. Ill.); *Szczesniak v. National Account Services*, 14-cv-10346 (N.D. Ill.); *Garret v. David B. Blaskovich P.C.*; 17-cv- 0087 (N.D. IL); *Zulku v. I.Q. Data Internatioanl, Inc.,* 19-cv-03675 (N.D. Ill.)

    Pursuant to 735 ILCS 5/1-109, I, Michael Jacob Wood, hereby declare under penalty of perjury that the foregoing is true and correct.


Dated:  April 1, 2022

/s/ Michael Jacob Wood

**Community Lawyers LLC**
980 N. Michigan Avenue, Suite 1400
Chicago, IL 60611
Ph: 312.757.1880
fax: 312.476.1383
mwood@communitylawyersgroup.com

* 5 0 1 9 3 8 4 3 *

# APPENDIX D

* 5 0 1 9 3 8 4 3 *

Firm No. 64641

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| VICTOR SANTIAGO, on behalf of<br>himself and all others similarly situated,<br><br>       Plaintiff,<br><br>       v.<br><br>PHILLIPS & COHEN ASSOCIATES, LTD.,<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No.<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED |

### DECLARATION OF SETH MCCORMICK

I, Seth McCormick, being first duly sworn on oath, depose and state as follows:

1.      I am one of the attorneys for the Plaintiff above named.

2.      I have been admitted to the practice of law in the State of Illinois since November 2012.

3.      Prior to being admitted to the practice of law in the State of Illinois, I was admitted to practice law in the State of Texas. I have been admitted to the practice of law in the State of Texas since May 2004.

4.      I am admitted to practice in the United States District Courts for the Northern District of Illinois.

5.      I am also admitted to practice in the Seventh Circuit Court of Appeals, the Fifth Circuit Court of Appeals, and the Ninth Circuit Court of Appeals.

6.      I am a member of the National Association of Consumer Advocates since 2021.

* 5 0 1 9 3 8 4 3 *

7.      I graduated from South Texas College of Law *cum laude* in 2003. Thereafter I worked as an associate Hays, McConn, Rice & Pickering ("Hays McConn"). While at Hays McConn I primarily represented businesses in personal injury and commercial litigation disputes. I left Hays McConn in October 2007 and joined a real estate litigation boutique at Glenn K. Weichert, LLC, as an associate. At Weichert, I represented various types of landowners in real estate disputes cases, as well as other clients in general litigation.

8.      In October 2008, I left Weichert to join, Mosbacher Energy Co. as an oil & gas attorney and landman.

9.      In October 2009, I moved to Chicago, Illinois and held various short-term positions doing legal work on a short-term contract basis.

10.     In April 2012, I joined Brown Legal Advisors, LLC, as an associate and became a partner in the firm in 2014. At this firm, I represented (a) distressed debt investors in chapter 7 and chapter 11 proceedings around the country, (b) chapter 11 debtors in bankruptcy cases and related litigation, and (c) chapter 7 trustees in contested creditor litigation. I also provided consulting services to investment firms for investment opportunities that involved litigation and potential bankruptcy proceedings.

11.     In January 2015 I became the managing partner of Brown Legal Advisors and continued to operate the law firm until December 2019.

12.     In March 2020, I left Brown Legal Advisors to start my own firm, Great Lakes Consumer Law Firm, LLC, which focuses on consumer protection litigation.

13.     I have substantial experience in federal court litigation, financial litigation, bankruptcy litigation, FDCPA litigation, mortgage fraud litigation, and other consumer fraud litigation involving the banking and financial sector, which are the main focus of my practice.

2

14.     I have represented plaintiffs in dozens of FDCPA and other consumer protection cases.

Pursuant to 28 U.S.C. § 1746(2), I, Seth McCormick, hereby declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 1, 2022                        /s/ *Seth McCormick*
                                             Seth McCormick

Seth McCormick
Great Lakes Consumer Law Firm, LLC
73 W. Monroe St., Suite 100
Chicago, IL 60603
P: (312) 971-6787
E: seth@glclf.com

3